# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antony T Murrell, Jr., | No. CV-19-05665-PHX-DWL (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

On July 22, 2020, Plaintiff filed a motion for leave to file a Fifth Amended Complaint ("FAC"). (Doc. 28.) On August 14, 2020, Magistrate Judge Fine issued a Report and Recommendation ("R&R") concluding that Plaintiff should be allowed to file the FAC but that some of the claims and defendants identified in the FAC should be dismissed without prejudice and without leave to amend. (Doc. 31.) The R&R further provided that "[t]he parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (Id. at *13-14*.)

Here, no such objections have been filed. Thus, the Court accepts Judge Fine's recommendations. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are

filed."). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Accordingly,

**IT IS ORDERED** that:

(1) The R&R's recommendations (Doc. 31) are **accepted**.

(2) Plaintiff's motion for leave to file a Fifth Amended Complaint (Doc. 28) is **granted in part and denied in part**, on the terms specified below.

(3) The Clerk of Court must file the lodged Fifth Amended Complaint (Doc. 29).

(4) Defendants Erwin and Ullibarri must answer Count Three as it relates to their alleged interference with legal mail sent to Plaintiff by Attorney Martha Barco, as previously ordered (Doc. 26).

(5) Defendant Pinney must answer Count Three as it relates to access to courts and Plaintiff's PCR proceedings; Defendants Pinney, Ullibarri, Bohuszewicz, Erwin, Garcia, and Manzano must answer Count Three as it relates to access to courts and CV 2019-096073 and CV 2019-095873; Defendants Bohuszewicz and Rubio must answer Count Three as it relates to retaliation pertaining to CV 2019-095855; and Defendants Ramos and Garcia must answer Count Three as it relates to the now lost legal mail which was opened and seized outside Plaintiff's presence as referenced on Doc. 29 at 17.

(6) The remaining claims and Defendants are dismissed without prejudice and without leave to amend.

(7) The Clerk of Court must send Plaintiff a service packet including the Fifth Amended Complaint (Doc. 29), this Order, and both summons and request for waiver forms for Defendants Erwin, Ullibarri, Pinney, Bohuszewicz, Garcia, Manzano, Rubio, and Ramos.

(8) Plaintiff must complete[1] and return the service packets to the Clerk of Court

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Fifth Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(10)    The United States Marshal must retain the Summons, a copy of the Fifth Amended Complaint, and a copy of this Order for future use.

(11)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(12)    A Defendant who agrees to waive service of the Summons and Fifth Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(13)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)     personally serve copies of the Summons, Fifth Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently

incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Fifth Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(14) Defendants must answer the relevant portion(s) of the Fifth Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(16) There will be no further amendment of the complaint given Plaintiff's multiple previous amendments of the complaint since this action's filing in November 2019.

Dated this 8th day of September, 2020.

_____
Dominic W. Lanza
United States District Judge